20960—Frank Franz et al. v. The Cincinnati Quarries Co. et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 6 Abs. 125.

20961—The State, ex rel. the Reaugh Construction Co., v. Industrial Commission of Ohio. Motion by plaintiff for temporary injunction. Overruled. Dock. 6 Abs. 125.

20966—John A. Becker et al. v. David Gordon et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 6 Abs. 141.

20429—Industrial Commission of Ohio v. William E. Gantner. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 5, Abs. 238.

20788—Albina Broz, executor, v. Karel Bilek et al. Motion for an order directing the Court of Appeals of. Cuyahoga county to certify its record. Overruled. Dock. 5 Abs. 701.

---

# SYLLABI
# Ohio Supreme Court

---

## FLURY v. CENTRAL PUB. HOUSE.

Ohio Supreme Court.

No. 20535. Decided Feb. 29, 1928.

Certified for review.

Judgment affirmed.

**681. JURISDICTION—328. Court of Appeals—283. Conflict of—677. Judgment—829. Negligence of Passengers—396. Directed Verdict—874. Ordinances.**

Court of Appeals has jurisdiction to find whether determination of same legal question by another Appeals Court is in conflict with its decision, and its finding is conclusive for fixing right of Supreme Court to determine legal question involved.

**874. ORDINANCES—Equipment of Elevators—Notice to building owners.**

Provisions of Sec. 1493 of Cleveland Ordinance as to closing elevators, hatches, holes, etc., are not effective to relieve owners of buildings erected before its passage, upon whom no notice to comply with its provisions as to equipment has been served.

**829. NEGLIGENCE—Absence of testimony tending to refute inference of.**

Testimony of plaintiff that he stepped into a dark elevator hole, beyond door, to his injury, without investigation, raises an inference of negligence on his part and requires a directed verdict for defendant.

ROBINSON, J.

1. By Section 6 of Article IV of the Constitution of Ohio, a Court of Appeals has jurisdiction to find whether its determination of a legal question in a case properly before it is in conflict with the judgment of another Court of Appeals determining the same legal question in a case properly before it. The finding of such court that such conflict exists is conclusive upon this court for the purpose of fixing the jurisdiction of this court to review the case and determine the legal question involved.

2. The provisions of Section 1493 of an ordinance of the city of Cleveland, "The Protection of Well-Holes, Elevator Shafts, Open Courts in Existing Buildings. Owners of all buildings erected prior to the passage of this provision, containing elevators, hatches, or well holes, elevator shafts, or open courts, shall upon written notice from the Commissioner of Buildings so to do, properly and sufficiently guard and protect such elevator hatches, well holes or elevators with gates or guards so as to avoid danger to human life, and said gates or guards shall be closed on all floors except when cars are in actual use," are not effective to relieve owners of buildings containing elevators and elevator shafts, erected before the passage of the ordinance, upon whom no notice has been served by the Commissioner of Buildings, from obligation to comply with the provisions of Section 1461 of an ordinance of the city of Cleveland, "Existing Elevators To Be Equipped. Any person or persons, company or corporation having charge of any building in which any elevator is or may be in use shall equip such elevator with the devices or appliances required in subdivision C, and keep the same in good working order and repair; and it shall be unlawful for any person or persons, company or corporation to erect, use or operate, or cause or permit to be erected, used or operated, in any building within the City of Cleveland, any freight or passenger elevator unless the same be equipped with the devices and appliances as provided in the aforesaid subdivision."

3. The testimony of a plaintiff invitee, in an action for negligence, that from a lighted room he opened a closed metal-covered sliding door, was confronted with total darkness beyond the door, that he then stepped into such total darkness, to his injury, without any knowledge, information or investigation as to what such darkness might conceal, raises an inference of negligence on his part which, in the absence of any evidence tending to refute such inference, will require a directed verdict for the defendant.

(Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

---

## PAINESVILLE UTOPIA THEATRE CO. v. LAUTERMILCH.

Ohio Supreme Court.

No. 20423. Decided Feb. 29, 1928.

Error to Lake Appeals.

Judgment affirmed.

**480. EVIDENCE—683. Jury to Determine Facts—465. Error for Court to invade province of.**

Whenever it becomes necessary to weigh conflicting evidence, to determine truth, or determine an ultimate

fact as to which different minds might differ, it is function of jury to decide, and reversible error for the court to invade its province.

ROBINSON, J.

Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury.

(Day, Allen and Matthias, JJ., concur.)